Charles C. RAGLAND, Herman D. Ragland and Orville E. Ragland, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13486.

Court of Criminal Appeals of Oklahoma.

April 14, 1965.

Rehearing Denied Aug. 2, 1965.

Fred L. Patrick, Sapulpa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Charles C. Ragland, Herman D. Ragland and Orville E. Ragland, hereinafter referred to as defendants, were charged jointly in the district court of Creek County with the crime of assault with a deadly and dangerous weapon; were tried, convicted by a jury and their punishment fixed at one year and one day each in the State Penitentiary. Motion for new trial was filed, considered, overruled, exceptions saved and the defendants have perfected their appeal to this Court.

In the petition in error, counsel for defendants sets out nine errors, but in his brief argues them under two specifications of error.

It is first contended that the district court erred in overruling defendants' objection to the opening statement of the county attorney.

The office or purpose of an opening statement is to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard. The opening statement is not evidence, and the scope thereof should be limited to putting before the jury a detail of the testimony to be offered; and facts should not be stated which cannot be proved. However, the early case of Shacklett v. State, 23 Okl.Cr. 4, 211 P. 1063 has consistently been followed. In that case we said:

"Ordinarily, error cannot be predicated upon the opening statement of a prosecuting attorney to the jury, specifically stating what facts he expects to develop in testimony, where later, for some reason, he fails to introduce evidence to support some of the narrative related in the opening statement, unless such unsupported portions of the opening statement were made in bad faith and were manifestly prejudicial."

Counsel for defendants cites three cases in support of his contention: Bald Eagle v. State, Okl.Cr., 355 P.2d 1015; Grimes v. State, Okl.Cr., 365 P.2d 739; and Hilyard v. State, 90 Okl.Cr. 435, 214 P.2d 953, 28 A.L.R.2d 961.

We agree with the position stated in the Attorney General's brief, that the case of Bald Eagle v. State, supra, is not in point. The case of Grimes v. State, supra, was affirmed by this Court, notwithstanding a failure of proof to support some of the County Attorney's opening remarks. The Hilyard case quotes from Scott v. State, 59

Okl.Cr. 231, 57 P.2d 639, which is a restatement of the rule quoted above from the Shacklett case. There is a wealth of authority which is all to the same effect as the Hilyard case, supra, that error cannot be predicated alone on the mere fact that the prosecution later, for some reason, fails to introduce evidence supporting some of the narrative of his opening statement, unless such unsupported portions of the opening statement were made in bad faith and were manifestly prejudicial.

■ From a careful consideration of the record before us, it is our opinion that the statements of the county attorney complained of were not such as would constitute bad faith or prejudicial error; and that the court did not err in overruling the objections thereto.

The only other question raised by defendants is that the district court erred in overruling defendants' objection to the admission of exhibits 1, 2 and 5.

State's exhibit 1 consisted of the handles of a pistol alleged to have been broken over the head of the prosecuting witness by one of the defendants, and counsel states: "The court to this date hasn't admitted exhibit 1 into evidence."

When this exhibit was offered in evidence, according to the record, the following occurred:

"Mr. Patrick [attorney for defendants]: To which the defendants object, on the ground and for the reason it hasn't been proved that that was used in this contest at all.

"The Court: Well, I thought he just testified that that is what happened.

"Mr. Patrick: He said he didn't know whether that was the one or—just what was that question, please? I understood him to say he didn't know that that was it.

"The Court: No, I don't think he said that. He said that was the one and it hit him in the head and it flew apart, he didn't know just where the parts went. Objection overruled.

"Mr. Patrick: Exception."

■ As stated in 23 C.J.S. Criminal Law § 1035, at page 1153, concerning the introduction of evidence:

"An offer to which objection was overruled constitutes an admission in evidence. * * * Thus demonstrative or real evidence becomes evidence when it is properly identified and exhibited before the jury in open court for their inspection, even if not formally introduced; and the tenor of its proffer is immaterial."

■ We therefore conclude from the record before us that the State's exhibit 1 was properly before the court.

Counsel next contends that exhibit 2, a pocket knife, was not properly identified.

■ The defendant Herman D. Ragland admitted that the knife was his, described it as an "electrician's knife", and stated, "that's a TL–20." (We observe that "TL–20" is stamped on the handle of this knife.) This defendant testified that he had the knife in his hand, open, and that he threw it down at the scene of the difficulty. It is our opinion that this exhibit was sufficiently identified.

Exhibit 5 consisted of empty shells and slugs allegedly picked up in the service station where this fracus occurred. State's witness Johnnie Patterson (the attendant at the service station) identified exhibit 5 as:

"A That's the bullets out of something—some kind of shell.

"Q Flat lead? A Yes sir.

"Q And, these were in the building? A Yes sir.

"Q Were these on the floor, these empty cartridges? A Yes, sir.

"Q Where was the lead in the building? A It was laying pretty close back in the back there."

Objection was made to this offer, and overruled, and the exhibit admitted.

In Gouard v. State, Okl.Cr., 335 P. 2d 920, this Court said:

"Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility."

We hold that the circumstantial evidence as well as the identification of the exhibits questioned was sufficient to connect the defendants with the commission of the crime charged, and to justify the admission of such exhibits into evidence for such weight and credibility as the jury might see fit to give them.

The jury having determined the issues against the defendants, and there being competent evidence to sustain the verdict, this Court will not interfere therewith, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

No reversible error being found in the record, the judgment and sentence must be, and is, accordingly, affirmed.

BUSSEY, P. J., and NIX, J., concur.