Ricky Lee RIGGS, Robbie Dean Hole, and Hugh K. Hare, Jr., Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16147.

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

Rehearing Denied July 6, 1971.

Mac Oyler, Oklahoma City, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiffs in Error, Ricky Lee Riggs, Robbie Dean Hole, and Hugh K. Hare, Jr., hereinafter referred to as defendants, were convicted of possession of marihuana in the District Court of Oklahoma County, Case No. CRF–70–245, with defendants Riggs and Hare sentenced to Two (2) Years imprisonment; and defendant Hole sentenced to Ten (10) Years. Judgment and sentence was imposed on May 15, 1970, and this appeal perfected therefrom.

Briefly stated, the evidence establishes that police officers went to an Oklahoma City residence at approximately 8:00 P.M., on January 29, 1970. The officers were admitted to the residence, finding eight people including the defendants in the living room. The entire house was searched and three bags of marihuana were found in a bedroom in the northeast corner of the house. On this basis the eight people in the living room were arrested for possession. By the officer's testimony, none of the eight people appeared to be under the influence of drugs. There was no in-dication either Riggs or Hole lived at the residence and it appears they arrived at the house only five minutes before the search. Defendant Hare had been present prior to that time but there was no evidence he lived at the residence or had knowledge of the presence of the marihuana. No marihuana was found on the person of any of the eight defendants arrested at the residence. There was no additional evidence showing defendants had knowledge of the presence of the marihuana or that they had control over it.

The defendants contend the evidence is insufficient to support the verdict. The Attorney General confesses error, noting: "The State having failed to prove the knowledge, dominion or control, it has failed to sustain its burden of proof." We concur with the Attorney General and commend his candor.

The facts in this case are similar to Thornton v. State, Okl.Cr., 481 P.2d 484 (1971); and, Brown v. State, Okl.Cr., 481 P.2d 475 (1971), which held:

"To convict for unlawful possession of marihuana it is necessary to prove that the accused knew of the presence of the marihuana and that the same was under his control and dominion.

" * * *

"Where a person is present in premises where marihuana is found, but does not have the exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it unless there are additional independent factors showing his knowledge and control.

" * * *

"The defendant does not have the burden of establishing lack of knowledge and control as the burden is on the state to prove facts from which knowledge and control can be shown independent of mere proximity to marihuana."

We therefore conclude the State failed to sustain its burden of proof and that the

evidence is insufficient to support the verdict. Accordingly, the judgment and sentence is hereby Reversed and Remanded with Instructions to Dismiss.

BUSSEY, P. J., and BRETT, J., concur.