Ronald Boyce JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16769.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 1971.

Rehearing Denied Jan. 20, 1972.

John Connolly, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Ronald Boyce Jones, hereinafter referred to as defendant, was charged, tried, and

convicted in the District Court of Cleveland County, Oklahoma for the offense of Unlawful Possession of Barbiturates and Stimulants. His punishment was fixed at thirty (30) days in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Officer Nadeau testified that he received a report from the dispatcher of a disturbance at the Riverview Trailer Park at approximately 3:45 a. m., on July 16, 1970. He proceeded to the back of a trailer home owned by Mr. White and Mr. Remy. He observed an arm stuck out of a small bathroom window in the back of the trailer, and several plastic bags containing pills were thrown out the window, one of which struck the officer on the chest. He yelled to Officer Arter to come and help as, "I thought they might be throwing out narcotics." He slammed the window shut with his night stick so they could not throw any more out, wherein Officer Arter proceeded to the front of the trailer. Other items were found in the commode of the trailer house. He delivered the exhibits to the Oklahoma State Bureau of Investigation's laboratory. On cross examination, he testified that there were five persons in the trailer, including Mr. White and Mr. Remy, who were in their late fifties, and three teenagers, including the defendant.

Officer Arter testified that he answered a disturbance call at the trailer park with Officer Poke and Officer Nadeau. Officer Poke went inside the trailer and talked to the two elderly gentlemen, wherein he remained standing outside the front door. Officer Nadeau yelled at him to come around to the back where he was stationed. He observed someone sticking his arm outside the bathroom window, throwing bags of unknown substances outside the window. He ran back to the front of the trailer and entered it. Officer Poke was still at the front of the trailer with White and Remy. Two other teenagers were moving about hurriedly in the back of the trailer near the restroom. He testified that the defendant was standing right at the window where the items were being thrown. On cross examination, he testified that all five subjects were arrested and searched. He testified that he searched the defendant and did not find any stimulants or barbiturates on his person.

Donald Flint, chemist with the State Bureau of Investigation, testified that he examined the exhibits that Officer Nadeau brought to his office, and found that a yellow box contained two barbiturate capsules. He testified that he examined the other capsules and found that they were negative of narcotic stimulant.

Ronnie Jones testified that he and his three friends were riding around on the morning in question. They stopped at a DX service station to get gasoline, where they met Tom Remy, who said he would give them one dollar if they would give him a ride home. They proceeded to Remy's trailer house, wherein Remy paid them the one dollar. They went inside to the trailer house and met White. They did not know either White or Remy previous to this occasion. Since it was past curfew, he, David Easley, and Bruce Brown decided to spend the night at the trailer. They were there approximately fifteen minutes when the officers arrived. Jones was lying down on the bed in the back bedroom. He did not observe anyone throw anything from the bathroom window, nor did he see any pills in the trailer house.

Defendant asserts two propositions as follows:

"That evidence adduced at the trial was wholly insufficient to support the charge or justify the conviction, and that the Court erred in failing to sustain the demurrer of the defendant at the conclusion of the State's evidence."

The defendant cites as authority in support of his propositions the case of Riggs v. State, Okl.Cr., 486 P.2d 643 (1971), wherein we stated:

" 'Where a person is present in premises where marihuana is found, but does not have the exclusive access, use, or possession of the premises, it may not be in-

ferred that he had knowledge of the presence of marihuana and had control of it *unless there are additional independent factors showing his knowledge and control.'"* (Emphasis Added)

We are of the opinion that the evidence in the instant case, although circumstantial, does, in fact, establish the "additional independent factors" showing his knowledge in control of the barbiturates. When Officer Arter entered the premises the owners were conversing with Officer Poke at the front of the trailer. The defendant was standing at the window out of which the plastic bags had been thrown while his two teenager companions were "moving about hurriedly," in the back of the trailer where other pills were found in the commode. In Brooks v. State, Okl.Cr., 438 P.2d 25 (1968), we stated:

"We agree with the State's contention that this testimony, along with the circumstantial evidence consisting of the arresting officer's testimony and the actions of the defendant and his companion in throwing the tablets to the ground on two occasions when the officer approached them, was sufficient to prove the charge of illegal possession of narcotic drugs, and are of the opinion that this assignment of error is without merit."

We, therefore, are of the opinion that the propositions asserted are without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, J., specially concurs.

BRETT, J., dissents.

SIMMS, Judge (specially concurring):

Careful study of the record in the instant case indicates it to be clearly distinguishable on a factual basis from the cases of Riggs v. State, Okl.Cr., 486 P.2d 643 (1971), and Brown v. State, Okl.Cr., 481 P.2d 475 (1971). In both the *Riggs* and *Brown* cases, supra, there was a complete absence of either circumstances or direct evidence to connect the defendants with actual possession of the contraband.

In this case the facts, even though they be circumstantial in nature, substantially establish possession of the contraband by the defendant, Jones.

BRETT, Judge (dissenting):

I must respectfully dissent to this decision for the reason the evidence fails to prove that the two capsules were under defendant's dominion and control, even assuming that he had knowledge of the presence of the capsules. The testimony is conflicting as to when the yellow box, containing the capsules, was thrown out the window; and the possession is left to conjecture. The circumstantial evidence, alluded to by the Attorney General in an effort to support this conviction, is thin to say the least. See: Riggs v. State, Okl.Cr., 486 P.2d 643 (1971); and Brown v. State, Okl.Cr., 481 P.2d 475 (1971). The record shows this defendant is sixteen years of age and consequently he should be assured the full protection of the law in an effort to prevent his becoming a full-fledged criminal. Also, the fact that he was convicted on a forgery charge, which is on appeal to this Court, should not be a factor in deciding this appeal.