**Ronald (Ronnie) Mack SUTTERFIELD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16425.**

Court of Criminal Appeals of Oklahoma.
April 19, 1972.

Rehearing Denied May 8, 1972.

Gotcher & Gotcher, McAlester, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Ronald (Ronnie) Mack Sutterfield, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pittsburg County, Oklahoma, for the offense of Possession of Marijuana; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Buel Morrison testified that on February 7, 1970, he was the manager of the Grand Avenue 66 Service Station in McAlester. At approximately 3:00 p. m. the defendant drove into his station and requested that Morrison check the air in the left rear tire. Finding that the tire would would not hold air, the defendant requested that the tire be plugged. Morrison called an employee, Henry Trammell, to assist him in plugging the tire. Upon finding that the tire would still not hold air, the defendant requested that the leaking tire be replaced with the spare tire. The defendant left with "some folks" and Trammell drove the defendant's vehicle into the station to change the tire. A short time later, Morrison was called into the grease rack area where he observed a plastic bag lying in the trunk of the defendant's car. He testified on cross-examination that there were numerous boxes of pots and pans in the trunk.

Henry Trammell testified that he was employed at the 66 Service Station. He removed the spare from the trunk of the defendant's car and observed the plastic bag lying under the tire.

The testimony of Carl Hackler, another employee of the service station, did not differ substantially from the previous witnesses'. After the plastic bag was discovered, Hackler called the Pittsburg County Sheriff's Office.

Charles Young testified that on the day in question, he was employed as the Undersheriff of Pittsburg County. He received a telephone call from Carl Hackler and proceeded to the Phillips Service Station. He was directed to a 1968 LeMans Pontiac with the trunk lid up, in the grease area of the station. He observed a plastic bag containing what he believed to be marijuana lying on the right floor portion of the trunk. The defendant arrived shortly thereafter followed by a young female. The girl pointed to the end of the trunk and said, "What are you doing with that in the back of the car?" The defendant replied, "I had it on a party that I went to." (Tr. 96-97) He testified that he subsequently obtained a search warrant for the car and found a partially burned cigarette butt on the front floorboard on the passenger side. He subsequently transported the plastic bag and the partially burned cigarette to the chemist of the State Crime Bureau in Oklahoma City.

John McAuliff, chemist for the Oklahoma State Bureau of Investigation, testified that he received the exhibits from Undersheriff Young. He conducted tests on the exhibits, and, in his opinion, the plastic bag contained marijuana and the partially burned cigarette also contained marijuana.

The defendant testified that he was formerly employed by the Denison, Texas, Fire Department and on February 7, was in the process of transferring to the Dallas Fire

Department. He had loaded all his pots, pans, and dishes in his 1968 Pontiac. On the afternoon in question, he was coming to McAlester to visit his family when he first discovered problems with his tire outside of Stringtown. He continued on to McAlester and stopped at the Phillips 66 Service Station to have the tire repaired. Upon ascertaining that the tire could not be repaired, he asked Mr. Morrison to put the spare "on the ground." While they were working on his tire, he went with Cindy Blaylock to the A & W Root Beer stand. Upon returning to the service station, he observed Charles Young standing by his car. Cindy followed him into the station and said, " 'What are you doing with all of this stuff?' " referring to the pots and pans. He replied, "it is the stuff I got for my apartment in Dallas." (Tr. 164) He testified that he loaned his vehicle to his roommate in Denison on various occasions and had not see either the bag of marijuana or the cigarette prior to the afternoon in question. He did not know how the items got in his vehicle.

Cindy Blaylock testified that she picked up the defendant at the filling station on the afternoon in question and they went to the A & W Root Beer stand. Upon returning to the station, she followed the defendant into the garage. The trunk of the defendant's vehicle was open and she said, "Ronnie, what is all of this stuff in your car? Pointing to a box." (Tr. 192.) She testified that at that point she had no knowledge of any marijuana. The defendant replied that he had gotten it in his apartment and was bringing it home.

Lonnie Chapman testified as a character witness that the defendant's reputation in the community where he resided in Texas was that of a peaceful law-abiding citizen.

◾ Defendant's first proposition asserts misconduct on the part of the District Attorney in his opening statement. The Record reflects the following transpired:

"* * * (By the District Attorney) The package in the trunk and the cigarette butt in the front seat of the car and a certain tablet, which was also under the front seat of the car—

"GOTCHER: Your Honor please, I object. May I approach the bench please?

"COURT: Yes, sir.

" * * *

'GOTCHER: Your Honor, I find from the reporter that the word tablet was used. It has already gotten out to the jury, and I am going to move for a mistrial.

"COURT: Denied.

"GOTCHER: All right Your Honor, I would like for you to advise the jury not to consider that.

" * * *

"COURT: Motion sustained. There will be no further mention in the Court about a tablet." (Tr. 12–13)

In Ragland v. State, Okl.Cr., 404 P.2d 84, we stated in the second syllabus:

"Error cannot ordinarily be predicated upon opening statement of county attorney to jury, specifically stating what facts he expects to develop in testimony, where later, for some reason, he fails to introduce evidence to support some of the narrative related in opening statement, unless such unsupported portions of opening statements were made in bad faith and were manifestly prejudicial."

We observe that the prosecuting attorney did not make further attempts to introduce evidence as to the finding of the tablet. The defendant brought the subject up again by attempting to introduce a copy of a prescription which was refused because it was not properly identified. The court, thereupon, at the defendant's request, admonished the jury as follows:

"COURT: Ladies and Gentlemen, there may have been the word tablet used sometime in the conduct of this lawsuit, and if it was used, just forget about it real quickly." (Tr. 186)

Under such circumstances we cannot conclude that the statement of the prosecuting attorney was made in bad faith and was manifestly prejudicial to the defendant in view of the court's two admonishments to

the jury to disregard testimony of a tablet. We, therefore, find this proposition to be without merit.

■ The final proposition contends that "the state failed to prove the necessary element of knowledge on the part of the defendant, the absence of which requires a reversal." Defendant argues under this proposition that the state failed to prove defendant's knowledge and control of the marijuana. In the recent case of Riggs v. State, Okl.Cr., 486 P.2d 643, the Court stated:

"'Where a person is present in premises where marihuana is found, but does not have the exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it unless there are .additional independent factors showing his knowledge and control.'"

We are of the opinion that the evidence in the instant case, although circumstantial, does in fact establish sufficient "additional independent factors" to warrant submitting the question of knowledge and control to the jury. The evidence on behalf of the state reflected that at the time of finding the marijuana, there were no other persons occupying defendant's car, that a bag of marijuana was found in the trunk of the car under the spare tire, and that a partially burned marijuana cigarette was found in the front floorboard of the vehicle. In response to a question from defendant's female companion as to where he got that stuff, he replied, "I had it on a party." The evidence on behalf of the defendant reflected that his roommate and defendant's sister had access to the vehicle, that the defendant had no knowldege of either the bag of marijuana in the trunk or the cigarette found on the floorboard, and that the conversation concerning where he got the stuff referred to pots and pans rather than marijuana. The jury chose to believe the evidence of the state. We have consistently held that where evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh such evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805. We, therefore, find this proposition to be without merit.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, J., concurs.

BRETT, Judge (specially concurring).

I concur that the question of fact was for the jury to decide. The jury no doubt believed the evidence offered by the State. Notwithstanding this fact, because the defendant's judgment and sentence was not final when the punishment for possession of marihuana was changed by the legislature, I would modify the sentence herein to one year imprisonment as now provided in 63 O.S.1971, § 2–402.