**James Michael WENTWORTH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18176.**

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1973.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, James Michael Wentworth, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–72–682, for the offense of Unlawful Possession of a Controlled Drug, his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial the parties stipulated to the evidence as follows:

"That Tulsa County Deputy Sheriff Gary James would testify that on April 5, 1972, he went to the home of one Terry Allen Yingst to execute a search warrant. That upon arriving at the premises, he saw the defendant standing in the yard outside the house, and when defendant saw him, the defendant ran and was not apprehended until the following morning. That the defendant's automobile was in the driveway of the premises named in the search warrant, and that while executing the search warrant, Gary James searched the automobile. Over the objection of the defendant, Gary James would testify that he found tablets hidden behind the dashboard of the automobile on the passenger side which he believed to contain methamphetamine. That he found additional narcotics inside the house of Terry Yingst; and Joe Norton, a chemist experienced in drug identification, would testify that he chemically examined the tablets found in defendant's automobile and that the tablets did in fact contain methamphetamine. It is further stipulated that the premises named in the search warrant, and which were in fact searched, are located within Tulsa County, Oklahoma."

The first proposition asserts that the trial court erred in overruling defendant's motion to quash the search warrant and in admitting evidence obtained in the subsequent search. We need only observe that this identical proposition was considered by this Court in the companion case of Yingst v. State, Okl.Cr., 513 P.2d 1322. For the reasons set forth in *Yingst,* supra, we are

of the opinion that this proposition is without merit.

The final proposition contends that the evidence was insufficient to support a guilty verdict. Defendant argues that the evidence did not show that defendant had exclusive knowledge and control of the controlled dangerous substance. In the recent case of Guthrey v. State, Okl.Cr., 507 P.2d 556, we stated:

> "The evidence does establish that the defendant did not have exclusive possession of the premises. Both the State's witnesses and the defendant's witnesses testified that the two other persons resided there. In Riggs v. State, Okl.Cr., 486 P.2d 643, we stated:

> 'Where a person is present in premises where marihuana is found, but does not have the exclusive access, use, or possession of the premises, it may not be inferred that he had knowledge of the presence of marihuana and had control of it unless there are additional independent factors showing his knowledge and control.'

> "We are of the opinion that the evidence in the instant case, although circumstantial, does, in fact, establish the 'additional independent factor showing his knowledge and control' of the barbiturates. When Officer Legg entered the premises, the defendant slammed the door to the bathroom and attempted to flush a syringe and needle down the commode. See Jones v. State, Okl.Cr., 492 P.2d 1104."

The evidence in the instant case adduced that the defendant was observed standing in the yard outside the house. When defendant saw the officer, he ran and was not apprehended until the following morning. The controlled drugs were found in defendant's automobile parked in the driveway of the house. As in *Guthrey*, supra, we are of the opinion that the evidence, although circumstantial, establishes the "additional independent factor showing his

knowledge and control" of the methamphetamines.

The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.