**Gerry COOK, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–76–386.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Myers, Mollison & Weber, Larry M. Weber, Altus, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James Wadley, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Gerry Cook, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Jackson County, Case No. CRM–74–247, for the offense of Unlawful Possession of Marijuana, in violation of 63 O.S.1971, § 2–402. The case was tried to a jury, and he was sentenced to the maximum punishment of one (1) year in the county jail. From said judgment and sentence, a. timely appeal has been perfected to this Court.

The State's first witness was Officer George L. Dickerson. The witness testified that on June 11, 1974, he observed the defendant sitting in a parked car with a broken windshield. The officer turned his patrol car around to approach the defendant and give him a verbal warning to fix his windshield. Before the officer arrived, the defendant proceeded to drive away. The officer pulled the defendant over, and asked to see his driver's license. At this time, the officer testified that he smelled a "strong odor of marijuana smoke coming from the car and on the person." He also observed "roach clip" on the front seat of the car. The witness further testified that after obtaining the defendant's consent, he searched the car and found a bag of marijuana in the glove compartment. The defendant was then arrested.

The State's second witness was Officer Rodney Tidwell, who was also present during the arrest, and whose testimony corroborated the testimony of Officer Dickerson.

The State then rested.

The defense called as its only witness the defendant, Gerry Cook. The defendant testified that he was twenty-seven years-old, married, with two children, and had an honorable discharge from the United States Air Force. He further testified that on June 11, 1974, he dropped some friends off on a street corner in Altus, Oklahoma. As his friends were exiting from the vehicle, someone approached the defendant's automobile, and asked the people therein if they wanted to purchase some marijuana. The defendant testified that he said "no," but that a bag of marijuana was tossed into the car to one of the passengers. As the passenger in the defendant's car was examining the contents of the plastic bag, a police car was seen approaching. The defendant then testified that out of fear, the passenger placed the marijuana in the glove compartment of the defendant's car, then left. The glove compartment was locked, and the defendant had the key concealed in his leg cast. The defendant testified that he was apprehensive, and drove away, but was stopped by the police shortly thereafter. After being stopped, the defendant testified that the police officer searched the car without his consent, and as a result of the search, found the marijuana.

 The defendant's first assignment of error is that the State failed to prove that the possession of marijuana was willful and intentional in that the defendant did not exercise dominion and control. We hold this contention to be without merit. A review of the transcript and record reveals that there is competent evidence from which the jury can conclude that the defendant did have knowledge of, as well as exercising dominion and control over the substance. *Sutterfield v. State*, Okl.Cr., 496 P.2d 428 (1972) ; *Banks v. State*, Okl. Cr., 544 P.2d 1268 (1976).

 The defendant next contends that where the State relies upon circumstantial evidence to prove willful possession, such evidence must exclude every reasonable hypothesis but that of guilt. We hold that this requirement was also met by the State. The defendant relies on the case of *Staples v. State*, Okl.Cr., 528 P.2d 1131 (1974) to support his contention. However, that case can be distinguished on the facts in that the defendant arrested in the *Staples*

case was merely a passenger in the vehicle in which marijuana was found. In the instant case, the marijuana was found in the locked glove compartment of the defendant's automobile, to which he had the key, and the defendant, by his own admission, had knowledge of its presence. Furthermore, there was a "roach clip" found beside the defendant at the time of his arrest. All of this evidence, coupled with the arresting officer's testimony that he smelled marijuana, does establish independent factors to warrant submitting the question of knowledge and control to the jury. See *Sutterfield,* supra.

The defendant also contends that the trial judge erred in failing to sustain the defendant's demurrer to the evidence on the grounds that the State failed to introduce the marijuana into evidence. We hold this proposition to be without merit. First of all, we have held that where there is any competent evidence which tends to sustain the allegations of the indictment or information, the court should not sustain a demurrer to the evidence. *Towry v. State,* Okl.Cr., 540 P.2d 597 (1975). Secondly, the record discloses that the defense stipulated that the "green leafy substance" was in fact marijuana, and that if the State's expert witness was present, he would testify to that effect. We hold that through such a stipulation, it was not necessary for the State to introduce the marijuana into evidence, and failure to do so did not prejudice the defendant in any way. *Runyon v. State,* Okl.Cr., 304 P.2d 353 (1956).

We come now to the defendant's final assignment of error. The defendant urges that under the facts and circumstances of this case, the sentence of one year imprisonment was excessive. With this contention we agree. A review of the record reveals that the defendant is a twenty-seven year-old husband and father, with no prior convictions, and with an honorable discharge from the Air Force. Under these circumstances, we feel that the sentence imposed was excessive. *McCarty v. State,* Okl.Cr., 525 P.2d 1391

(1974). We therefore modify the sentence to a term of ninety (90) days, and as MODIFIED, the judgment is *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.