Melvin Nichols CLIFTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–852.

Court of Criminal Appeals of Oklahoma.

May 19, 1987.

Rehearing Denied June 16, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Melvin Nichols Clifton, was tried and convicted in the District Court of Carter County for the crime of Robbery with Firearms in Case No. CRF–83–392 and was sentenced to twenty (20) years imprisonment, and he appeals. We affirm.

Briefly stated the facts are that on April 1, 1983, appellant entered the Southwestern Bell Telephone Company in Ardmore, Oklahoma and forced a teller, at gunpoint, to give him the money under the counter.

■ For his first assignment of error appellant asserts that he was deprived of a fair trial when the trial court failed to sustain his demurrer to the evidence. However, since appellant presented evidence in his own defense, the demurrer was waived, and the question of sufficiency of the evidence is determined by an examination of the entire record viewing the evidence in the light most favorable to the State. *Phillips v. State*, 641 P.2d 556 (Okl. Cr.1982). This assignment lacks merit.

Appellant next alleges that, although he presented alibi witnesses, he was convicted on the sole basis of eyewitness identifications made six (6) to seven (7) months after the robbery which resulted from an unduly suggestive lineup. We disagree. At trial, three (3) women, who were present at the Business Office on the day of the robbery, identified appellant as the perpetrator. On the day of the robbery one of the witnesses, Ms. Richards, encountered appellant on more than one occasion when he entered the building purportedly to use the lobby phone. Ms. Nash, another witness, approached appellant when he was holding the lobby phone to see if she could assist him, but he declined her offer. She also saw appellant outside the building several times on the day of the crime. Ms. Mashmore was the teller who appellant encountered with a revolver and ordered to fill his paper bag with money. During the robbery, Ms. Mashmore and Ms. Richards were held at gunpoint by appellant in a well-lit area for five (5) to ten (10) minutes before he fled the scene. On the day of the robbery, Ms. Mashmore and Ms. Nash provided the police with details of the robbery and a description of the appellant. Subsequently, the witnesses each spoke privately with an Oklahoma State Bureau of Investigation artist, and a composite drawing was completed. Approximately six (6) months later the witnesses all chose appellant's photograph from a group of photographs.

■ We have reviewed the photographic arrays presented to the witnesses, as well as their testimony concerning the manner in which the photographs were presented to them, and we find that the procedure used was not so impermissibly suggestive as to give rise to a very substantial liklihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). More-

over, in light of the witnesses' prior opportunity to view appellant, the relative consistency of their descriptions, and their certain and unwavering identifications of appellant, we find that there is ample evidence in the record to support the independent reliability of the in-court identifications. *See Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). This assignment is groundless.

■ Appellant finally urges that he was denied effective assistance of counsel as a result of trial counsel's failure to file a motion to suppress the identifications. However, having found that the in-court identifications were clearly reliable, appellant has failed to show that counsel's performance was deficient or that had trial counsel filed the motion the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We find no error.

The judgment and sentence is **AFFIRMED.**