**Dustyn L. HAMMONDS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–562.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Elisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Dustyn L. Hammonds, was convicted of the crime of Unlawful Possession of a Controlled Drug After Former Conviction of Two or More Felonies in the District Court of Texas County, Case No. CRF–84–186 and was sentenced to twenty (20) years' imprisonment, and he appeals.

On November 1, 1983, Harold Tyson, a Guymon Police Officer, was involved in a surveillance operation of a residence in Guymon, Oklahoma. Tyson observed appellant and Shelly Wood go to a green pickup in front of the residence and then return to the house. After Cliff Gann, a special agent with the Oklahoma State Bureau of Investigation, arranged an undercover buy from the residence, a search warrant issued and Officer Gann found plastic bags containing white powder and a green leafy substance. Subsequently, appellant was interviewed and he told Gann that he had been living with Shelly Wood at the residence for several months; that he was her bodyguard; and that it was his job to protect her and keep anyone from stealing the drugs. Before the interview, Gann read appellant his *Miranda* rights.

At trial, a forensic chemist stated that he analyzed State's Exhibit No. 2 and found it to contain methamphetamine. Shelly Wood testified at trial that she had known appellant for about two and one-half years. She also stated that she had pled guilty to three counts of possession, three counts of sale, and two counts of stolen firearms. She stated that there were locks throughout her house; that she was the only one with keys to all of them; and that she was in

sole possession of the drugs. Wood further testified that nobody had access to her bedroom but her; that appellant did not live with her; and that he was not her bodyguard.

■ For his first assignment of error appellant asserts that the trial court erred in allowing the admission of appellant's confession in that it was involuntary. Appellant admits that he was given *Miranda* warnings before he spoke with police; however, he alleges that he made the statements only because he was promised leniency by agent Gann.

At the in camera hearing, which was held to determine the admissibility of the confession, Officer Gann testified that he made no promise to appellant. Moreover, later in the trial, Officer Hooper, a law enforcement officer from Texas, testified that while he was present during the questioning Gann told appellant he could not promise him anything. This Court has consistently held that it will not disturb the trial court's ruling permitting the introduction of a confession if supported by sufficient evidence that the defendant knowingly and intelligently waived his rights and understood the consequences of this waiver. *Chatham v. State*, 712 P.2d 69, 71 (Okl.Cr.1986). We find that there is sufficient evidence to justify the trial court's ruling, and we decline to disturb it. This assignment lacks merit.

■ Appellant next complains that the evidence was insufficient to warrant the conclusion by the jury that he was in possession of the illegal substance. The essential elements of the crime of Unlawful Possession of a Controlled Drug are: 1) knowing and intentional; 2) possession; 3) of a controlled dangerous substance. See, 63 O.S.1981, § 2–402(A). This Court stated in *Staples v. State*, 528 P.2d 1131, 1133 (Okl.Cr.1974), that:

> It has been frequently held in this State that the possession prohibited by the drug laws need not be actual physical custody of the controlled substance; it is sufficient that the State prove the accused to have been in constructive possession of the contraband material by

showing that he had knowledge of its presence and the power and intent to control its disposition or use. See e.g., *McCarty v. State*, Okl.Cr., 525 P.2d 1391 (1974); *Wentworth v. State*, Okl.Cr., 513 P.2d 886 (1973); *Guthrey v. State*, Okl. Cr., 507 P.2d 556 (1973); *Sutterfield v. State*, Okl.Cr., 496 P.2d 428 (1972). Further, possession need not be exclusive; a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control the contraband. See *Patterson v. State*, Okl.Cr., 403 P.2d 515 (1965).

In the instant case, appellant admitted that he had been living with Shelly Wood; that he was her bodyguard; and that he was to prevent anyone from stealing the drugs. He was also present at her house on the day that the drugs were found by police. Clearly, appellant knew there were drugs in the house and had constructive possession of the narcotics. Although, Shelly Wood denied that appellant lived with her or was her bodyguard, she stated that he did sleep in her bedroom with her sometimes. Based on this evidence, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment is groundless.

■ Appellant argues in his third assignment of error that the trial court committed fundamental error when it failed to provide the jury with proper verdict forms. Appellant bases this contention upon the fact that the record in this case contains only the verdict forms used by the jury in reaching their verdict, but does not contain "not guilty" verdict forms. Appellant admits, however, that the practice in Texas County is to discard the unused verdict forms; thus, there is nothing in the record to support his position. Also, since appellant failed to object to the verdict forms at trial, this assignment was waived. *Maines v. State*, 665 P.2d 1220 (Okl.Cr.1983). This assignment is without merit.

In his fourth assignment of error, appellant contends that the instruction given in the penalty stage of the trial constituted fundamental error. However, appellant did not object to the instructions given and failed to submit requested instructions. Therefore, this assignment was waived. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980).

As his final assignment of error appellant alleges that the trial court erred by allowing the testimony of Officer Gann. He argues that the statements made by Gann constituted an evidentiary harpoon. However, since appellant failed to interpose an objection at trial, this assignment was likewise waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in result.