Richard Allen DOYLE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–499.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1988.

Dan Murdock, Smith & Murdock, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Richard Allen Doyle, appellant, was tried by jury and convicted of Possession of a Controlled Dangerous Substance (63 O.S. 1981, § 2–402), After Former Conviction of Two or More Felonies (21 O.S.1981, § 51(B)), in Case No. CRF–85–3698, in the District Court of Oklahoma County, the Honorable Raymond Naifeh, District

Judge, presiding. The jury set punishment at imprisonment for ninety-nine (99) years. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

On July 24, 1985, an informant notified an undercover police officer that he had been contacted by Susan McPherson, who was acting as a go-between for Jackie Doyle, appellant's wife, for the sale of methamphetamine. The police gave the informant $400 in marked money and, accompanied by an undercover police officer, the informant purchased four-and-a-half grams of methamphetamine from Mrs. Doyle that evening at her home. Appellant was not present during the sale. The police placed the residence under surveillance while awaiting a search warrant and executed the warrant shortly before midnight by kicking in the front door of appellant's home. The officers arrested Ms. McPherson and Mrs. Doyle, seized less than a quarter of a gram of methamphetamine found in a plastic envelope on a coffee table mixed in with some of Ms. McPherson's property, the $400 in marked money, three sets of scales, a checkbook bearing Mr. and Mrs. Doyle's names, and a utility bill bearing appellant's name and the address of the residence. Appellant was not present while the house was under surveillance or during the execution of the search warrant. As the officers were completing their search, appellant drove into the driveway of the home at about 1:30 a.m. The police asked appellant to step from his van and, noticing he smelled of alcohol, arrested him for being under the influence of intoxicating liquor. During the search incident to arrest, no controlled dangerous substances were found on appellant's person. Four days later, the State filed an information charging appellant with possession of a controlled dangerous substance.

. At the close of the State's case, appellant demurred to the evidence and moved for a directed verdict, both of which were overruled. Appellant presented an alibi witness in an effort to account for the period from his release from the county jail on a driving under the influence incarceration on July 22 until his arrest on July 25, which alibi witness was discredited by the State.

■ Appellant asserts the trial court erred by overruling his demurrer to the evidence and his motion for a directed verdict because the State failed to introduce sufficient evidence to prove the essential element of possession. The State correctly points out, however, that appellant waived his demurrer by offering evidence in his own defense. Therefore, we will determine the sufficiency of the evidence by reviewing the record as a whole, viewing the evidence in the light most favorable to the State. *Clifton v. State*, 737 P.2d 946, 947 (Okla.Crim.App.1987); *Rudd v. State*, 649 P.2d 791, 794 (Okla.Crim.App.1982).

■ The essential elements of the crime of unlawful possession of a controlled drug are: (1) knowing and intentional; (2) possession; (3) of a controlled dangerous substance. *Hammonds v. State*, 739 P.2d 525, 527 (Okla.Crim.App.1987); 63 O.S.1981, § 2–402.

■ Possession may be actual or constructive. *Hammonds* at 527; *Smith v. State*, 698 P.2d 482, 485 (Okla.Crim.App. 1985); *Staples v. State*, 528 P.2d 1131, 1133 (Okla.Crim.App.1974). Here, there is no evidence that appellant was in actual possession of the methamphetamine seized by the police.

■ Constructive possession of a controlled dangerous substance is a showing that the accused had knowledge of its presence and the power or intent to control its disposition or use. *Hammonds*, at 527; *Smith*, at 485; *Staples*, at 1133. When controlled dangerous substances are found in a place where the accused has exclusive access, then knowledge, dominion and control fairly may be inferred from these circumstances alone. *Miller v. State*, 579 P.2d 200, 202 (Okla.Crim.App.1978). In the instant case, the evidence adduced at trial established that appellant had not lived at the house for three months and he did not have exclusive access to the dwelling. Nor was appellant on the premises when the police seized the methamphetamine.

When a controlled dangerous substance is not found on the accused but on premises to which several persons have access, possession cannot be inferred simply because the drugs were found on the premises, but the State must introduce additional facts from which it fairly can be inferred that the accused had dominion and control over the seized substance. *Miller*, at 202; *Sturgeon v. State*, 483 P.2d 335, 338 (Okla.Crim.App.1971); *Brown v. State*, 481 P.2d 475, 477–78 (Okla.Crim.App.1971). Guilty knowledge and control cannot be presumed. The State must introduce some link or circumstances in addition to the presence of the controlled drug which indicates the accused's knowledge and control. Absent this additional factor, the evidence is insufficient to support a conviction. *Hishaw v. State*, 568 P.2d 643, 645 (Okla. Crim.App.1977); *Brown*, at 477–78. Here, the State failed to introduce additional facts linking appellant to the methamphetamine in satisfaction of their burden of proof that appellant had knowledge and control over the drug.

Viewing the evidence in the light most favorable to the State, we find that no rational trier of fact could have found the essential element of possession beyond a reasonable doubt. *See Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim.App.1985). We have no alternative but to reverse appellant's conviction with instructions to dismiss. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). Accordingly, the judgment and sentence is REVERSED and REMANDED with instructions to DISMISS.

BRETT, P.J., and BUSSEY, J., concur.