**Richard Gayle SWAIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-90-148.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1991.

Sylvia McCormick Spilman, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Elizabeth J. Bradford, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Richard Gayle Swain, appellant, was tried by jury and convicted of the crime of Unlawful Possession of Marijuana With Intent to Distribute (63 O.S.Supp.1986, § 2-401) in Comanche County District Court Case No. CRF-88-573. In accordance with the jury's recommendation, appellant was sentenced to twenty (20) years imprisonment and ordered to pay a twenty thousand dollar ($20,000.00) fine. From this Judgment and Sentence, appellant appeals.

On September 16, 1987, appellant telephoned Herman Williams and offered to sell him a quantity of marijuana. Williams, an informant for the district attorney's

Drug TASC Force, told appellant that he wanted to see the marijuana and arranged for a meeting at a local convenience store. After being informed of the meeting by Williams, TASC Force investigators Dean Cunningham and Bruce Justice drove to a location across the street from the store and observed the meeting. Williams testified that at the scene appellant said that the marijuana was in the trunk of his car and that it was "very good stuff." Appellant then opened the trunk and showed Williams a large quantity of substance which Williams believed to be marijuana. Appellant reiterated to Williams that he could get as much of the substance as Williams needed. After a price was discussed, Williams asked appellant to follow him so that Williams could get more money. Williams then drove in a direction prearranged by the TASC Force investigators, with appellant and his companion following. The investigators, who also followed in their automobile, radioed for a patrol unit to stop appellant's vehicle. After appellant's car was stopped and he and his companion were arrested, investigator Cunningham opened the trunk of appellant's car and observed what he believed to be approximately five (5) ounces of marijuana. Investigator Justice also stated that the believed the green leafy substance found in the trunk was marijuana. The substance was collected and sent to the Oklahoma State Bureau of Investigation (OSBI) for chemical analysis.

At trial, Justice testified that the substance marked as State's Exhibit No. 1 was the substance removed from the trunk of appellant's vehicle. The parties also stipulated that if Tom Reynolds was called as a witness, he would qualify himself as a chemist with the OSBI and he would testify as to the information contained in the report marked as State's Exhibit No. 2. The State failed to offer either of these two exhibits into evidence.[1]

■ In his first assignment of error, appellant claims that there was insufficient evidence to support his conviction. While he advances several arguments within this assignment, the thrust of appellant's proposition is that the State failed to prove that the substance discovered in his automobile was marijuana. He bases this argument upon the fact that none of the witnesses who testified that the substance appeared to be marijuana were qualified as an expert in the area of marijuana recognition, and because neither the lab report nor the seized substance were introduced into evidence. *See, e.g., McCoy v. State*, 699 P.2d 663 (Okl.Cr.1985); *Cory v. State*, 543 P.2d 565 (Okl.Cr.1975); *Davenport v. State*, 510 P.2d 988 (Okl.Cr.1973). (In all three cases this Court held that the opinion testimony of a law enforcement official, who provided evidence of his expertise, training and/or experience in recognizing marijuana, was sufficient to establish that a seized substance was in fact marijuana).

We note, however, that expert testimony and chemical analysis results are not the only items of evidence which may be considered in determining whether the identity of an illegal substance has been established. In *United States v. Sanchez De-Fundora*, 893 F.2d 1173 (10th Cir.1990), the United States Court of Appeals for the Tenth Circuit addressed an issue similar to the argument advanced herein. There, the appellant argued that there was insufficient evidence to support her convictions for distribution of cocaine because the substances allegedly distributed were not subjected to scientific analysis and no evidence was adduced to establish the chemical makeup of those substances. After setting forth the test to be used in determining the sufficiency of the evidence, *see Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979), the Court stated, "The government need not introduce scientific evidence to prove the identity of a substance. As long as there is sufficient lay testimony or circumstantial evidence from which a jury could find that a substance was identified beyond a reasonable doubt, the lack of scientific evi-

1. During an in camera hearing at the close of evidence, the prosecutor explained that State's Exhibit No. 2 revealed that Tom Reynolds analyzed the seized substance and found it to be marijuana.

dence does not warrant reversal." *Sanchez DeFundora*, 893 F.2d at 1175 (citations omitted). The Court then cited the following as relevant lay testimony and circumstantial evidence for use in establishing the identity of a substance:

" 'evidence of the physical appearance of the substance involved in the transaction, ... testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in [his] presence....' "

*Id.*, quoting *United States v. Baggett*, 890 F.2d 1095, 1096 (10th Cir.1989), and *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976).

Applying the criteria set forth in *Sanchez DeFundora* to the facts of the present case, we find the following. All three of the State's witnesses opined that the substance found in appellant's trunk appeared to be marijuana. Furthermore, the marijuana was described by Bruce Justice as a "green leafy substance." Although the price appellant asked for the marijuana was not revealed, the informant stated that he needed to obtain more money before he could purchase the substance. In that appellant kept the substance in a plastic container in the trunk of his car and because the buy was to occur in a parking lot late at night, it can be concluded that said transactions were carried on with secrecy or deviousness. With respect to the final example cited above, appellant repeatedly referred to the substance in question as marijuana. Also of consequence were the remarks of appellant and his companion that the substance was "very good stuff", and appellant's assertions that he could get as much marijuana as the informant wanted.

When ruling upon an allegation of insufficient evidence where both direct and circumstantial evidence was introduced at trial, this Court will review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 318–319, 99 S.Ct. at 2788–89; *Drew v. State*, 771 P.2d 224, 227 (Okl.Cr.1989). Based upon the above analysis of circumstantial evidence presented at appellant's trial, coupled with the identification testimony of the State's witnesses, we find that any rational trier of fact could have found beyond a reasonable doubt that the substance seized from appellant's car was in fact marijuana.

Having determined that the identity of the seized substance was sufficiently established, we also reject appellant's argument that the State's failure to introduce the same at trial resulted in evidentiary insufficiency. *See Cook v. State*, 556 P.2d 1067, 1069 (Okl.Cr.1976) (Notwithstanding State's failure to introduce marijuana at trial, evidence held sufficient where identity of substance was established through stipulation). It should be noted that our decision in this matter is based upon the particular evidence introduced at appellant's trial. We reiterate that the preferred practice for identifying a seized illegal substance is through the introduction of scientific analysis evidence and/or through testimony of a witness who has provided evidence of his or her expertise, training and/or experience in the area of illegal substance recognition.

The second, and final, assignment of error raised in appellant's brief was not included in his Petition in Error. Therefore, this Court will not consider the same. *Chronister v. State*, 538 P.2d 215, 216 (Okl. Cr.1975).

Finding no error warranting modification or reversal, the Judgment and Sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.