Randal Lee PATTERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13563.

Court of Criminal Appeals of Oklahoma.

June 23, 1965.

Harry G. Foreman, Reynolds & Foreman, Norman, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Randal Lee Patterson, hereinafter referred to as the defendant, was charged in the District Court of Cleveland County with the crime of Illegal Possession of Marijuana. He was tried by a jury, found guilty, and sentenced to One Year in the penitentiary. From that judgment and sentence he has filed his timely appeal in this Court urging only one specific assignment of error—that the evidence was insufficient to prove defendant guilty of the crime charged.

To discuss this proposition of error, it will be necessary to relate the facts of the case, as provided by the record before us. The Oklahoma City Police were called to investigate a disturbance call at the Crown Motel on November 9, 1963 at approximately 4 a. m. They went to the room which was rented in the name of Susan Brooks (actually Sharon Williams); knocked on the door and were asked in by one Rita Ward. They observed five people in the room, three of whom were asleep or unconscious on one bed. Defendant was lying on the inside next to the wall. Sharon Williams was in the middle in a state of undress, and Donald Ward was lying next to her on the outside. The room was in a state of disorder—empty beer cans on the floor, cigarette butts, cigarette papers, clothing, etc. One of the officers found a match-box containing seeds of marijuana, several empty match-boxes which contained particles of a vegetable substance which resembled marijuana. One of the officers testified that some of the empty match-boxes were found in the bathroom, as if they had been emptied in the stool. The defendant had no marijuana on his person, nor did any of the occupants of the room. Naturally, none of them admitted the possession of any marijuana. The other male occupant of the bed, Donald Ward, was completely unconscious and could not be revived by the officers. He was booked into city jail along with the others, but had still not regained consciousness and was taken to Mercy Hospital for treatment, where he remained *three weeks*—the inference being that he was treated for an overdose of narcotics.

One of the police officers testified that the defendant, in his opinion, was under the influence of marijuana. The testimony of

the State Chemist confirmed the fact that the seeds were, in fact, marijuana. And, further, that the quantity found was enough to make at least *TEN* rolled cigarettes. This is very significant, as the defendant illustrates the amount of marijuana found as very minute. The defendant testified that he went to the motel room, but was just asleep. That he knew nothing about any marijuana even being in the room, that he had tried to smoke some once, but hadn't since that time. He admitted several arrests for loitering and drunk. This, in substance, forms the facts in the case.

Defendant alleges that since no marijuana was found on his person, nor under his control, he could not be charged with "possession".

This Court does not find this contention meritorious. Defendant cites some very early decisions to support his theory. He relies on the 1924 case of Barr v. State, 28 Okl.Cr. 392, 231 P. 322, to be controlling. However, there are several glaring differences in the Barr case and the one before us now.

In the Barr case, supra, the defendant was a man of apparently good character, and had never been convicted of any offense before; also, he was not under the influence at the time of his arrest.

Defendant's own testimony in the case at bar is that he had smoked marijuana before, and had been arrested several times. Further, the testimony of the officer that defendant was under the influence of marijuana at the time of arrest distinguishes it from the cited Barr case.

■ The general rule on "possession" has been greatly modified since the Barr case, supra, was decided; to the effect that where parties jointly possess drugs, the fact that the possession is not exclusive is not a bar to a conviction. Orosco v. State, (1957) 164 Tex.Cr.R. 257, 298 S.W.2d 134; Davila v. State, (1960) 169 Tex.Cr.R. 502, 335 S.W.2d 610; and People v. Embry, (1960) 20 Ill.2d 331, 332, 169 N.E.2d 767.

■ Further, it was ruled in the case of People v. Bagley, 133 Cal.App.2d 481, 284 P.2d 36, that circumstantial evidence proved the requisite possession; and in the case of People v. Flores, 155 Cal.App.2d 347, 318 P.2d 65, the court held that possession could be proven circumstantially, and that such evidence was sufficient to support the conviction.

In the Orosco case, supra, appellant and his brother were found in an automobile with some bulk marijuana and some cigarette papers. There were loose particles of marijuana all over the front seat, floor boards and rear seat. None was found on appellant, but loose particles were found in his brother's pockets. A police officer testified that he was under the influence of marijuana. The Court held that these were circumstances sufficient to uphold the conviction of Possession. The Orosco case, supra, is a very close parallel to the instant cause.

■ There are two elements in the case at bar which support this general rule on possession as stated above. (1) That defendant was charged jointly with other persons, and (2) that there was evidence that he was under the influence of marijuana at the time of his arrest.

This, together with the circumstantial evidence that was introduced, to wit: the empty match-boxes with particles of marijuana; the cigarette papers (both found in the bathroom, also); and the fact that one of the occupants was so far under the influence of marijuana that he had to be hospitalized; all tend to support the conviction.

■ This circumstantial evidence showing defendant's presence where the marijuana was found, together with the police officer's testimony that he was under the influence of marijuana, and that marijuana was found on the floor near the bed where he was asleep, was, in our opinion, sufficient to show that he and his companions jointly possessed the marijuana, and supports the jury's verdict.

We would like to commend the attorney for the defendant on his excellent brief, and the fact that Mr. Foreman was Court-appointed, and felt an obligation to continue on the case on appeal in which he will receive no compensation whatsoever, in the finest tradition of the legal profession.

There being no reversible error, the judgment and sentence of the trial court is hereby Affirmed.

BUSSEY, P. J., and BRETT, J., concur.