**Donald Ester WARD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13579.**

Court of Criminal Appeals of Oklahoma.

June 30, 1965.

Rehearing Denied Aug. 2, 1965.

George W. Gay, Oklahoma City, for plaintiff in error.

Joseph C. Muskrat, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Donald Ester Ward, hereinafter referred to as the defendant, was charged in the District Court of Cleveland County by information with the crime of Possession of Marijuana, while acting in concert and together with other named persons. He was tried to the Court without a jury, convicted and sentenced to One Year in the penitentiary. From that judgment and sentence he has filed his timely appeal in this Court alleging three assignments of error.

We will not set forth the facts in this case, as they are identical with the companion case of Patterson v. State of Oklahoma, opinion handed down on June 23, 1965, and cited as Okl.Cr.App., 403 P.2d 515; with one exception—defendant herein was unconscious when found in the motel room, and was admitted to the hospital for three weeks, the inference being that he was treated for an overdose of narcotics.

Defendant's first proposition of error is that the evidence was insufficient to sustain the conviction for possession of marijuana.

This Court has very carefully covered this question in the Patterson case, supra, in which we stated:

"Possession of marijuana may be proved by circumstantial evidence."

And, further, laid down the following rule:

"In prosecution for Unlawful Possession of Marijuana, where parties jointly possess drugs, the fact that the possession is not exclusive is not a bar to conviction."

There are two elements in the case at bar which support the general rule on possession as stated above. (1) That defendant was charged jointly with other persons, and (2) that there was evidence that he was under the influence of marijuana at the time of his arrest.

This, together with the circumstantial evidence that was introduced, to wit: the empty match-boxes with particles of marijuana, the cigarette papers, both found in the bathroom also; the fact that defendant was hospitalized for three weeks, together with the admission that he had been charged with Possession of Marijuana previously, all tend to support the jury's verdict, and this Court finds the evidence sufficient to sustain the conviction.

The Court further held in the Patterson case, supra:

"The fact that defendant was charged jointly with other persons, and that there was evidence that he was under the influence of marijuana at the time of his arrest, along with the circumstantial evidence, are elements to support the rule as stated above."

Defendant's second and third propositions will not be discussed, as they have been fully covered under the above, and the same rule of law would apply.

It is therefore, the order of this Court that the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.