Thomas Marvin **THORNTON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15936.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

As Corrected Feb. 18, 1971.

Don Hamilton, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Thomas Marvin Thornton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Possession of Marijuana; his punishment was fixed at a fine of Three Thousand ($3,000.00) Dollars and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that at 9:00 p. m. on January 18, 1970, three officers of the Oklahoma City Police Department went to the defendant's apartment to arrest the defendant's wife's brother. They had an outstanding arrest warrant issued several months prior to the day in question.

The officers were admitted to the apartment and observed three persons in the living room, including the brother, Noel Morris. They observed what appeared to be a small amount of marijuana on the kitchen table and several pipes, some of which were in a briefcase in the living room. The defendant and his wife were in the bedroom in bed with the door partially closed. They were placed under arrest and the substance seized was subsequently identified as marijuana by a chemist of the Oklahoma State Bureau of Investigation. Charges of Possession of Marijuana were filed against the defendant, his wife, the brother and John Feuerborn. A minor was turned over to the proper juvenile authorities.

The defendant and his wife testified that they had no knowledge that the marijuana or pipes were in the apartment. The briefcase had been brought to the apartment by John Feuerborn. They testified that they went to bed at approximately 8:45 p. m., and that nothing unusual had transpired up to that time.

The State recalled Officer Burns in rebuttal, who testified that he smelled a faint odor of marijuana in the apartment. Based upon his experience he estimated

that the marijuana was smoked more than an hour prior to the officer's arrival at the apartment.

The defendant has submitted nineteen assignments of error, only one of which we deem necessary to discuss in this opinion. He alleges that the evidence is wholly insufficient to sustain the verdict of the jury. We are of the opinion that this position is well taken. There was no evidence present to indicate the defendant, or any other person, was under the influence of marijuana. The defendant was not in the room where the contraband was found; rather he was in bed with the door to the bedroom partially closed. John Feuerborn was the only occupant on which marijuana was actually found on his person.

In a similar joint possession case, Patterson v. State, Okl.Cr., 403 P.2d 515, we stated in the second and third paragraphs of the Syllabus:

"2. Possession of marijuana may be proved by circumstantial evidence.

3. The fact that defendant was charged jointly with other persons; and there was evidence that he was under the influence of marijuana at the time of his arrest, along with the circumstantial evidence, are elements to support the rule as stated above."

The evidence in the instant case is distinguishable from that in the *Patterson* case, supra. In *Patterson,* the defendant and other occupants of the room were under the influence of narcotics. There is no evidence in the case at bar to connect the defendant with the marijuana except that it was found in a room of his apartment which was occupied by other persons. Absent some proof to connect the defendant with the contraband, the conviction cannot stand.

The judgment and sentence is accordingly reversed and remanded.

NIX and BRETT, JJ., concur.