Maurice D. FRAZIER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15119.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Maurice D. Frazier, hereinafter referred to as defendant, was convicted by jury verdict with the crime of Possession of Marihuana (63 O.S., § 452) with punishment fixed at One (1) Year imprisonment. Judgment and sentence was imposed on January 31, 1969, in accord with the verdict and this appeal perfected therefrom.

The evidence established that A. C. Blair, a white man, lived in the ground level apartment of a duplex dwelling; and defendant, a negro, had recently moved into the second floor apartment of the dwelling. On May 26, 1967, at approximately 5:30 P.M., while looking into the back yard, Blair saw a penny match box land in the yard next to the fence. Blair did not know where the box came from. Blair went into the yard, examined the box, replaced it, and then phoned Officer M. A. Maxwell. Maxwell, who received the call at home, went directly to Blair's residence where he examined the match box and replaced it after taking a sample, which was admitted as State's Exhibit Number One. Maxwell phoned another officer who joined him inside Blair's apartment to await defendant's return. Blair retired around 9:30 P.M., leaving the officers to watch. After a five-hour wait, defendant returned to his apartment about 2:10 A.M., with three companions. After a short while, defendant came out the back door of his second floor apartment, down the back stairs, and into the back yard.

The officers testified that defendant approached the match box next to the fence and appeared to take something out of it, then leaving the box, start back to his apartment. At this point, the officers emerged from Blair's apartment and placed defendant under arrest. The officers said defendant put his hands behind him, as if throwing something away, but did not see anything in his hands or see him throw anything away. Defendant's person was then searched after which the officers went up to his apartment, searching it, and

the three occupants. The officers testified that they found cigarette papers in the apartment. After the apartment search, the ground in the back yard was examined and a few particles of marihuana found near where defendant had been. Analysis indicated these particles, Exhibit Number Two, the match box's contents, Exhibit Number Three, and Exhibit Number One had marihuana content.

Defendant testified that Blair had evidenced animosity toward him and complained several times about noise and visitors. Defendant testified that he was not home on the afternoon of May 26, at the time Blair saw the match box land in the yard. Defendant denied ever throwing the match box into the yard and denied removing anything from it. After arriving home at about 2:10 A.M., defendant said he took some smelling garbage from his apartment to the trash cans in the back yard next to the fence, where he was arrested by the officers.

■ First, we observe the search of defendant's apartment resulting in the discovery of the cigarette papers was an unreasonable search and seizure in violation of the Fourth Amendment, thereby rendering the cigarette papers and testimony concerning them inadmissible. Mapp v. Ohio, 367 U.S. 634, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The officers had no warrant and the only plausible justification for the apartment search was as an incident to defendant's arrest in the back yard. Such a search as incident to arrest is unreasonable as extending beyond the arrestee's reach. "The area of permissible search is governed by the proximity of the arrestee to the point of search and the arrestee's access to the place searched while he is in the custody of the arresting officer." Fields v. State, Okl.Cr., 463 P.2d 1000 (1970). The area to be searched incident to an arrest is limited to the area within the arrestee's reach. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Directly in point is the United States Supreme Court's ruling in Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970):

."If a search of a house is to be upheld as incident to an arrest, that arrest must take place *inside* the house, [citations omitted] not somewhere outside—whether two blocks away ['citations omitted], twenty feet away [citations omitted], or on the sidewalk near the front steps." 399 U.S. at 34, 90 S.Ct. at 1971.

■ The next issue concerns Officer Maxwell's testimony about being summoned to Blair's residence. The officer testified that Blair told him defendant had thrown a match box containing a green substance into the back yard and that "this was not the first time he [Blair] saw such things going on—that he had seen this man [defendant] do this on several occasions." Not only was this remark by the officer hearsay and thus inadmissible, but also it indicated other offenses by the defendant for which he was not on trial. Whether this was an intentional "harpoon" by an experienced officer or accidental, it was nevertheless incompetent, irrelevant, prejudicial, and thus error. As was held in Young v. State, Okl.Cr., 446 P.2d 79:

"* * * when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial, is inadmissible."

Aside from the admissibility of the officer's remark, we note that during Mr. Blair's testimony he said he did not see defendant throw the box into the yard.

■ With the above errors in mind and in consideration of the overall evidence, we find that it was insufficient to support conviction and inadequate to withstand defendant's demurrer and motion for directed verdict. To convict for possession of marihuana, it is necessary for the state to prove defendant's control and knowledge. Mere proximity is not enough. Brown v. State, Okl.Cr., 481 P.2d 475

(1971); Thornton v. State, Okl.Cr., 481 P.2d 484 (1971). It is true that "possession may be proved by circumstantial evidence, but a conviction on circumstantial evidence cannot be sustained if the proof does not exclude every other reasonable hypothesis except that of guilt." Brown v. State, supra, 481 P.2d at 476. Williams v. State, Okl.Cr., 478 P.2d 359 (1970). The evidence in this case does not reach that degree of certainty.

The incriminating evidence is the testimony of the officers who viewed defendant in the back yard sometime after 2:00 A.M., on a dark, windy night. There was no back yard light nor porch light and the only apparent light was from a street light in front of the duplex dwelling. The officers did not know if defendant actually took any marihuana out of the match box, or if he ever had any in his hands, or threw any on the ground. The officers did not know if the marihuana particles on the ground were put there by defendant or someone else. Nor were they able to say when the particles were put on the ground as it was not examined before defendant's arrival, only after his arrest and the search of his apartment. Although the officers searched defendant, they found no marihuana on his person nor on his clothing. They did not have a technician's examination of defendant's hands for traces of marihuana. The match box was examined for finger prints, but defendant's prints were not on it. Further, there was no proof as to who put the match box in the yard. Nor was the yard or match box under constant observation from its discovery and examination until defendant's arrival in the yard. The match box was next to the fence which Maxwell said was wooden, although Blair said it was chainlink.

Upon approaching defendant the officers did not see defendant throw something which they recovered and found to be marihuana. Rather they saw him put his hands behind his back when he *might* have thrown something away, *maybe* marihuana. There is a vast difference between supposition and fact. The mere opportunity to commit a crime alone is not evidence of its commission.

The officers did not immediately retrieve a substance discarded by defendant, but first searched defendant, then his apartment and its occupants, and finally returned to the back yard and examined the ground. Proof as to who or when the particles were placed on the ground is absent. Proof of who put the match box in the yard is absent. The evidence does not exclude the reasonable possibility that someone other than defendant put the match box in the yard and was responsible for the marihuana particles on the ground. The circumstantial evidence therein gives rise to nothing more than a suspicion that defendant is guilty and that is not sufficient or competent to convict.

Reversed and remanded.

BRETT, J., concurs.

BUSSEY, P. J., concurs in part, and would reverse and remand for a new trial.