Terry Joe McCARTY et al., Appellants,

v.

The STATE of Oklahoma, Appellee.

No. PC–74–466.

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1974.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

Donald J. Timberlake, Rick Chew, Oklahoma City, for appellants.

## OPINION AND DECISION

**BRETT, Judge:**

This appeal results from a conviction for Possession of Marihuana. The appellants, who will hereinafter be referred to as defendants, were tried by a jury in Custer County District Court, Case No. CRM–72–390, found guilty and on May 11, 1973, they were assessed the maximum punishment of one year confinement in the County jail. Insofar as this was the first conviction for the three defendants, defense counsel moved for a suspended or deferred sentence, which was denied. Thereafter through no fault of the defendants their appeal to this Court was not perfected; so, post conviction relief proceedings were commenced in the trial court. After conducting a hearing on the application for post conviction relief, the court denied post conviction relief and this is an appeal from that denial. However, insofar as this is a misdemeanor conviction and because the record is before this Court with briefs submitted by the defendants and the State, this Court is considering the appeal on its merits in the nature of an appeal out of time.

The facts briefly stated reveal that on the evening of October 23, 1972, two Highway Patrol Troopers, upon request of a property owner, were en route to a vicinity southeast of Weatherford, Oklahoma, to inspect certain property which had been earlier vandalized. As they proceeded down the county road about 9:45 p. m., they passed a private side road leading into a cotton field and observed an automobile parked in the private gateway eight or ten feet off the county road. They proceeded down the county road about two hundred yards, turned their patrol car around and returned to the parked car. They observed three young men in the vehicle. As they drove up to the vehicle, the third man reentered the driver's side of the auto. When they approached the vehicle the window was rolled down and Trooper Earl Warner detected the odor of marihuana smoke. When Trooper Rushing opened the car door on his side of the car, he also detected the odor of marihuana smoke and he asked the defendants to get out of the car.

As Trooper Curtis Rushing discussed the situation with the three young men, Trooper Earl Warner proceeded to inspect the vicinity of the automobile. With the use of his flashlight, he observed "tennis shoe" footprints in the damp sandy soil leading away from the vehicle toward the edge of the cotton field some twenty or thirty feet

away. He followed the prints to a point where he found a small metal box to which was taped two baggies of some "green leafy" substance which was subsequently identified as marihuana. He returned to the vehicle, placed the items on the hood of the vehicle and called the matter to the attention of his partner. Trooper Rushing then informed the three men they were under arrest for possession of marihuana. He read to them the Miranda warnings on their constitutional rights from the card he carried in his pocket; and, they proceeded to radio the Weatherford Police Department for a photographer to come to the scene to photograph the footprints. Further investigation of the area revealed a second set of footprints made by square toe boots, referred to as "dingo boots," leading away from the vehicle into the cotton field some fifty to seventy yards away. The Trooper followed these prints to a point where he found a paper sack containing what appeared to be marihuana.

Mr. E. L. Friesen, Jr., of the Weatherford News newspaper took photographs of the two sets of footprints using a 35mm camera and an automatic strobe light. When the defendants were taken to the Weatherford Police Department, photographs of the shoes worn by each defendant were also made. Deputy Sheriff Gaines identified the photographs taken of each defendants' shoes. Exhibits 7 and 7A were identified as being photographs of the shoes having been worn by defendant Coffman; exhibits 8, 8A and 8B, the tennis shoes, were identified as photographs of shoes having been worn by defendant McCarty, and exhibits 9 and 9A were identified as the photographs of shoes which were worn by defendant Oswald which had not been found leading to either location of marihuana seized. The vehicle and each of the defendants were searched but no contraband was found as a result of the search.

The vehicle in which defendants were found was identified as belonging to defendant McCarty. Two sets of footprints were identified as those leading to the two locations where marihuana was found. At the conclusion of the investigation, the three defendants were permitted to ride to the Weatherford Police Department in their own vehicle with defendant McCarty driving. None of the defendants had the appearance of being under the influence of marihuana.

■ At the outset it is to be observed that there is no evidence in the record whatsoever implicating defendant Donald E. Oswald in the commission of the offense of Possession of Marihuana, except that he was present.

"[I]t cannot be inferred from merely being present in a place where marihuana is found that the defendant had knowledge of its presence and had dominion and control. There must be additional evidence of knowledge and control to sustain a conviction." Brown v. State, Okl.Cr., 481 P.2d 475, 477 (1971)

We are therefore bound to find that the conviction of Donald E. Oswald must be reversed.

■ We will discuss first defendants' contention that the trial court erred in not requesting counsel to settle the jury instructions prior to their being read to the jury, and the complaint that requested instructions were not considered by the court. In the first instance, the record is silent concerning the settlement of the instructions, as well as counsel's request for specific instructions to be given. Title 22 O.S.1971, § 831, provides in part:

"5. When the evidence is concluded, the attorneys for the prosecution may submit to the court written instructions. If the questions of law involved in the instructions are to be argued, the court shall direct the jury to withdraw during the argument, and after the argument, must settle the instructions, and may give or refuse any instructions asked, or may

modify the same as he deems the law to be. Instructions refused shall be marked in writing by the judge, if modified, modification shall be shown in the instruction. When the instructions are thus settled, the jury, if sent out, shall be recalled and the court shall thereupon read the instructions to the jury."

Defense counsel candidly admits in his brief that no request was made to settle the instructions, but merely asserts that the court should have provided an opportunity for such settlement. Nonetheless, the duty and responsibility fall upon defense counsel to make his record of trial. In the event such settlement opportunity is not offered by the court, counsel should make his record prior to the reading of such instructions, otherwise the record remains silent and this Court presumes that irregularity exists. In the instant case, the record is silent concerning the question of settlement of the instructions. At the hearing on the application for post conviction relief, the court clearly sets forth that counsel did not offer any written instructions for the court's consideration. Both sides in this case cite Pierce v. State, Okl.Cr., 383 P.2d 699 (1963) to support their positions. Consequently, insofar as counsel failed to timely enter his objections to the lack of settlement of the instructions, and failed to submit his written request for instructions, this complaint is denied. See, Delaney v. State, Okl.Cr., 507 P.2d 564, 567 (1973).

■ Defendants also complain that their convictions are predicated upon evidence illegally seized incident to the arrest, but this contention is without merit. The arrest was based upon sufficient probable cause when the Troopers smelled marihuana smoke as the car window and the opposite door were opened. See: Ferguson v. State, Okl.Cr., 520 P.2d 819 (1974). The evidence found was outside the vehicle and was not discovered as the result of either a personal or vehicular search. The circumstances encountered—footprints in the soft soil after smelling the odor of marihuana smoke—were sufficient cause for further search of the vicinity. Hence, what evidence was found was not the result of any search of the persons, or the vehicle and consequently, no constitutional rights were violated. The surrounding circumstances, coupled with the evidence discovered nearby, were sufficient for the Troopers to conclude that the contraband found must belong to the parties. We therefore conclude that the evidence was not illegally seized. See Also: Walker v. State, Okl. Cr., 512 P.2d 208 (1973).

■ Defendants also complain that possession and control of the contraband was not shown, as provided in Brown v. State, supra. This is one of those instances where constructive possession is shown by circumstantial evidence; and it is for that reason defendants should have requested an instruction on circumstantial evidence, but having not made such request, error was not committed. In support of this proposition defendants cite Frazier v. State, Okl.Cr., 488 P.2d 613, 616 (1971), but the instant case is distinguishable from Frazier in that the officers immediately searched the surrounding area. The discovery coupled with the two sets of footprints ultimately presented a question of fact for the jury to determine. In the instant case the jury resolved that the marihuana must have been placed where it was found by two of the three men whose footprints matched those leading to the contraband. Had the officers returned to the vicinity after taking the men to the Weatherford jail, then under those facts Frazier, supra, might be applicable. We therefore conclude that sufficient constructive possession was shown to submit the question to the jury.

■ Defendants also complain that the sentence imposed was excessive because this was the first instance in which any of the three men had ever been charged with law violation and because of the small quantity of marihuana found. We believe this complaint contains merit. Also, we

refuse to say that the trial court abused its discretion in refusing to grant either a deferred sentence, or a suspended sentence. The trial court considered the proposition offered and decided against granting either requested sentence. We do not believe an abuse of discretion has been shown.

We are therefore of the opinion, and hold, that there was not sufficient evidence to prove that Donald E. Oswald at any time had possession of the marihuana found; and therefore the conviction of Donald E. Oswald shall be reversed and remanded with instructions to dismiss the charge against him.

 We are further of the opinion, and hold, that the evidence was sufficient to sustain the convictions of Terry Joe McCarty and George E. Coffman for the misdemeanor offense of possession of marihuana; and that said defendants received a fair trial in accordance with due process of law; but that the sentences imposed upon Terry Joe McCarty and George E. Coffman were excessive under the facts and circumstances proved; and therefore, insofar as Terry Joe McCarty and George E. Coffman were both incarcerated in the Custer County jail on July 3, 1974, to commence the satisfaction of their judgments and sentences, and because it has been shown by testimony and other affidavits submitted that said defendants have heretofore lived as law abiding citizens, and that they have not heretofore been convicted of any other offense, that the sentences imposed should be modified to a term of two (2) months incarceration in the County jail, and as modified, the judgments and sentences of Terry Joe McCarty and George E. Coffman in Custer County District Court case CRM–72–390, should be affirmed.

It is further ordered that Donald E. Oswald shall be forthwith discharged from further confinement under the judgment and sentence in Custer County District Court, case number CRM–72–390.

BLISS, P. J., and BUSSEY, J., concur.