Sidney VAN ZANDT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–75–181.

Court of Criminal Appeals of Oklahoma.

July 14, 1975.

Ivester, Ivester & Ivester, Sayre, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

The appellant, Sidney Van Zandt, hereinafter referred to as defendant, was charged with the commission of the offense of Unlawful Possession of Marihuana, in violation of 63 O.S.1971, § 2–402, in Case No. CRM–74–255, in the District Court, Beckham County. The defendant was tried by a jury and convicted and was sentenced to serve a term of ninety (90) days in the County jail. From that judgment and sentence, defendant has perfected this timely appeal.

At the trial, B. T. Goines, Sheriff of Beckham County, testified that on the 28th day of September, 1974, at approximately 7:30 p. m., he, along with a highway patrol trooper, three deputy sheriffs, and Herb Henderson, the Sheriff of Kiowa County, served a search warrant on a house located in Sayre, Beckham County. The house belonged to Sidney Van Zandt. The search warrant was issued for the purpose of recovering stolen property and was not directed at a search for marihuana or drugs. The warrant was served and the house was searched. In the northeast bedroom of the house, between the box springs and mattress of a bed located in that room, Sheriff Goines found a cellophane bag containing a green leafy substance which he believed to be marihuana. The sheriff returned to the den where the defendant was waiting and placed him under arrest. A search of the defendant's person failed to disclose any contraband.

Further, testimony of defendant contended that the northeast bedroom was a guest

bedroom and that the southeast bedroom was the personal bedroom of the defendant. Also, the defendant hired laborers to assist him in his farming efforts and these laborers stayed either in the guest bedroom or in sleeping quarters in the basement. There was no testimony as to when guests had previously stayed in the Van Zandt home. At the time of the search, no one was staying in the Van Zandt home other than the defendant. The defendant denied any knowledge of the presence of the marihuana.

■ The defendant's sole proposition of error is that the evidence presented was insufficient to establish the defendant's possession of the marihuana. With this we cannot agree. While it is true that proof of possession requires more than merely proof of proximity or access to the premises wherein contraband is found, we feel the jury was justified in finding the existence of additional independent factors indicating knowledge and control by the defendant over the marihuana. In *Clarkson v. State*, Okl.Cr., 529 P.2d 542 (1974), we held:

". . . The mere presence of an accused in the place where a controlled substance is found is not such sufficient proof of his knowledge and control that his conviction for possession can be sustained. *Sturgeon v. State*, Okl.Cr., 483 P.2d 335 (1971) and *McCarty v. State*, Okl.Cr., 525 P.2d 1391, 1393 (1974). Additional independent factors must be proved from which it may be fairly inferred that the accused had knowledge of the presence of the substance and that he had control over it. . . .

". . . The evidence must show that the accused had exclusive access, use or possession of the premises where contraband is found. Without proof of this exclusive access it may not be fairly inferred that the accused had knowledge of the presence of contraband without additional independent factors which show knowledge and control. See, *Luker v. State,* Okl.Cr., 504 P.2d 1238 (1973)."

■ In the instant case, evidence was presented of exclusive knowledge and control. The evidence reveals that the defendant was owner and sole resident of the house in which the marihuana was found. No one other than the defendant was staying in the house at the time the marihuana was discovered, nor was there evidence of recent vistors or guests who may have had access to the room in which the marihuana was found. These factors which go to the heart of the question of sufficiency of evidence of possession were questions of fact for the jury. In *Bryant v. State*, Okl.Cr., 478 P.2d 907 (1971), we stated:

". . . It is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict, though there is a sharp conflict in the evidence. . . ."

The jury observed the demeanor of the witnesses and the defendant and, in their own minds, established the credibility of each. They listened to the testimony of the witnesses, weighed the evidence and found the defendant guilty. This Court will not substitute its judgment for that of the jury even where the evidence is so conflicting that a verdict of not guilty could have as readily been found as that of guilty. The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.